■ CARMEN F. RUGGIERO, Respondent, v VINCENT GUARINO et al., Appellants, et al., Defendant. (And Another Related Action.) [598 NYS2d 117] —Levine, J. Appeal from an order of the Supreme Court (Best, J.), entered July 29, 1992 in Fulton County, which, inter alia, granted plaintiff's cross motion for consolidation.

Plaintiff instituted an action venued in Fulton County Court against defendants for, inter alia, a partnership accounting by service of a summons and complaint in December 1989 (hereinafter complaint A). Later recognizing that County Court lacked jurisdiction over defendants because they neither resided in nor had offices in Fulton County (see, Judiciary Law § 190 [3]), plaintiff mailed defendants a "supplemental summons" and an "amended complaint" (hereinafter complaint B) venued in Supreme Court, Fulton County, identical to the first set of pleadings, in December 1990. Defendants served an answer denying the allegations in the amended complaint and asserting the affirmative defense, inter alia, of lack of personal jurisdiction. Defendants also moved in Supreme Court by order to show cause to vacate a lis pendens filed on plaintiff's behalf, after obtaining an index number to so move. Plaintiff's counsel sent defendants a letter stipulating that service of the second set of pleadings (complaint B) venued in Supreme Court did not commence a new separate action. To cure the jurisdictional problems related to the prior pleadings, plaintiff in October 1991 had defendants personally served with a third set of papers (virtually identical to the second set)* venued in Supreme Court, Fulton County, and labeled "second supplemental summons" and "second amended complaint" (hereinafter complaint C).

Defendants moved in County Court to dismiss the complaint, inter alia, for lack of personal jurisdiction; plaintiff cross-moved for an order transferring the action to Supreme Court (see, CPLR 325 [b]). County Court dismissed complaint A (venued in County Court) and complaint B (venued in Supreme Court) for lack of personal or subject matter jurisdiction, without prejudice to the separate action commenced in

---

* Complaint C contains one additional cause of action against defendant John Valerius.

Supreme Court against the same parties by service of complaint C, which seeks essentially the same relief. Plaintiff did not appeal from County Court's order.

Defendants thereafter moved in Supreme Court for an order dismissing the action commenced by service of complaint B based on the County Court order, and plaintiff cross-moved for an order consolidating the two actions commenced in Supreme Court by service of complaints B and C. Supreme Court granted plaintiff's cross motion to consolidate the two Supreme Court actions commenced by plaintiff and denied defendants' motion to dismiss. It reasoned that defendants had waived any objections they may have to complaint B by moving by order to show cause in that action in Supreme Court to vacate a lis pendens. Also, it was held that County Court had no authority to dismiss complaint B because it was venued in Supreme Court. Defendants now appeal from Supreme Court's order.

In our view, this appeal must be dismissed because defendants are not aggrieved by the order appealed from (see, CPLR 5511; Siegel, NY Prac § 525, at 813 [2d ed]). That order simply consolidated identical causes of action set forth in complaints B and C, both venued in Supreme Court, Fulton County, and seeking the same relief. Defendants' answers to complaints B and C were the same, and defense counsel conceded at oral argument that the same defenses were asserted in both answers and that there were no defenses available to complaint C that were not also available to complaint B. Even if Supreme Court erred in denying defendants' motion to dismiss complaint B, the action instituted by complaint C is unaffected and remains pending (and defendants do not argue otherwise). Thus, defendants have not demonstrated any prejudice or aggrievement in the continuing viability of complaint B and its consolidation with complaint C.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the appeal is dismissed, with costs.